UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Jody D. Jernigan, on behalf of herself and all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. |
| vs. | ) ) ) | |
| General Collection Co., Mark D. Stelk, Truell, Murray & Associates, James H. Truell, Glen A. Murray, and Jan L. Reeves, | ) ) ) ) ) | Class Action Complaint and Jury Demand |
| Defendants. | ) | |

CLASS ACTION COMPLAINT

I.   INTRODUCTION

1. This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 et seq. Plaintiff Jody D. Jernigan, on behalf of herself and all persons similarly situated, seek declaratory judgment, injunctive relief, and damages against Defendants General Collection Co., Mark D. Stelk, Truell, Murray & Associates, James H. Truell, Glen A. Murray, and Jan L. Reeves for their routine practice of filing and serving summons and complaints in Nebraska County Courts which contain a page

entitled NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT which states in part, "Unless the debtor disputes the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" in violation of 15 U.S.C. §§ 1692e, e(2), e(10), and g(a).

II.  JURISDICTION

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

3. In personam jurisdiction exists and venue is proper as the Defendants regularly do business in this district. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. §1391.

III.  PARTIES

4. Plaintiff Jody D. Jernigan ("Ms. Jernigan") is an adult individual residing in Omaha, Nebraska.

5. At all times material hereto, Ms. Jernigan and each member of the class she seeks to represent are "consumers" as that term is contemplated in § 1692a(3) of the FDCPA.

6. Defendant General Collection Co. ("GCC") is engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska,

with its place of business located in Grand Island, Nebraska and is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

7. Defendant, Mark D. Stelk, is the President of Defendant General Collection Co. and is actively engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with his principal office in Grand Island, Nebraska, as such Mr. Stelk is a "debt collector" as that term is contemplated in §1692a(6) of the FDCPA. Mr. Stelk also actively participates in the collection of consumers' debts by directing and supervising the collection practices of Defendant GCC and by personally signing the purchase documents for Defendant GCC's purchase of the accounts which are the subject of this lawsuit.

8. Defendant Truell, Murray & Associates ("Truell, Murray") is a law firm engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with their place of business located in Grand Island, Nebraska and is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

9. Defendant James H. Truell ("Mr. Truell") is an attorney at law and an owner and operator of Defendant Truell, Murray and is engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with his place of business located in Grand Island, Nebraska. He is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

10.     Defendant Glen A. Murray ("Mr. Murray") is an attorney at law and an owner and operator of Defendant Truell, Murray and is engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with his place of business located in Grand Island, Nebraska.  He is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

11.     Defendant Jan L. Reeves ("Ms. Reeves") is an attorney at law employed by Defendant Truell, Murray and is engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with her place of business located in Grand Island, Nebraska.  She is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

12.     Defendants are all entities who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class.  Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

13.     At all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity

with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

IV.     FACTUAL ALLEGATIONS

14.     Ms. Jernigan obtained a line of credit with Citifinancial, Inc., which was used for personal, family, or household purposes. (Hereinafter, the "Debt.")

15.     Due to economic difficulties suffered by Ms. Jernigan the Debt fell into default.

16.     After the Debt had gone into default, Citifinancial, Inc. sold and transferred Ms. Jernigan's account as part of a portfolio of accounts to Defendant GCC.

17.     Defendants GCC and Mr. Stelk retained the services of Defendants Truell, Murray & Associates, James H. Truell, Glen A. Murray, and Jan L. Reeves to recover Ms. Jernigan's alleged Debt through litigation.

18.     On April 12, 2013, Defendants Truell, Murray & Associates, James H. Truell, Glen A. Murray, and Jan L. Reeves filed suit on behalf of Defendant GCC against Ms. Jernigan in the County Court of Douglas County, Nebraska to collect the Debt. A copy of the complaint is attached hereto as Exhibit A.

19.     Exhibit A contains a page entitled NOTICE REQUIRED UNDER

THE FAIR DEBT COLLECTION PRACTICES ACT which states in pertinent part, "Unless the debtor disputes the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid." (Hereinafter, "The Notice").

20.    The Complaint portion of Exhibit A states at # 8: "Attached to this Complaint and incorporated herein by reference is a Notice under the Fair Debt Collection Practices Act."

21.    On May 22, 2013, on behalf of Defendant GCC, Defendants Truell, Murray & Associates, James H. Truell, Glen A. Murray, and Jan L. Reeves GCC served Exhibit A including The Notice on Ms. Jernigan.

22.    Defendants Mr. Truell, Mr. Murray and Ms. Reeves personally designed, implemented, directed, and supervised the collection practices and policies of Defendant Truell, Murray & Associates including the design and text of and the procedure for use of Exhibit A.

23.    Defendant GCC is liable for the activities of Defendants Truell, Murray & Associates, Mr. Truell, Mr. Murray, and Ms. Reeves in attempting to collect the debts allegedly owed to GCC.

24.    Defendant GCC was not disclosed to the consumer as the current creditor to whom the Debt is owed.

25.    Ms. Jernigan, having been sued by Defendants Truell, Murray & Associates, Mr. Truell, Mr. Murray, and Ms. Reeves on behalf of GCC, was

confused by The Notice which stated that, "Unless the debtor disputes the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid."

26.     Ms. Jernigan, having been sued by Defendants Truell, Murray & Associates, Mr. Truell, Mr. Murray, and Ms. Reeves on behalf of GCC, was confused by paragraph # 8 of Defendants' complaint stating that: "Attached to this Complaint and incorporated herein by reference is a Notice under the Fair Debt Collection Practices Act."

27.     Ms. Jernigan thought that the County Court of Douglas County would assume the Debt was valid if she did not dispute it within thirty (30) days.

28.     Pursuant to 15 U.S.C. § 1692g(a)(3) an undisputed debt may only be "assumed to be valid by the debt collector."

V.     DEFENDANTS' ROUTINE PRACTICES

29.     It is and was the policy and practice of Defendants GCC and Mr. Stelk to purchase consumer accounts in default and to retain Defendants Truell, Murray & Associates, Mr. Truell, Mr. Murray, and Ms. Reeves to serve as their attorneys in Nebraska to collect those alleged debts.

30.     It is and was the policy and practice of Defendants Truell, Murray & Associates, Mr. Truell, Mr. Murray, and Ms. Reeves to file a collection lawsuits on

behalf of Defendant GCC in Nebraska County Courts against the alleged debtor in the form of Exhibit A which included The Notice stating, "Unless the debtor disputes the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid."

31.    It is and was the policy and practice of Defendants GCC, Truell, Murray & Associates, Mr. Truell, Mr. Murray, and Ms. Reeves to fail to inform the consumer that GCC is the creditor to which the debt is currently owed.

VI.    CLASS ALLEGATIONS

First FDCPA Class:

32.    This action is brought on behalf of a class of similarly situated persons defined as the first FDCPA class which includes: (i) all Nebraska residents who were sued in a Nebraska County Court by Defendants Truell, Murray & Associates, Mr. Truell, Mr. Murray, and/or Ms. Reeves on behalf of Defendant GCC (ii) in an attempt to collect a debt incurred for personal, family, or household purposes (iii) in the form of Exhibit A which included The Notice stating "Unless the debtor disputes the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" (iv) during the one year period prior to the filing of the complaint in this matter.

First NCPA Class:

33.    This action is brought on behalf of a class of similarly situated persons

defined as the first NCPA class which includes: (i) all Nebraska residents who were sued in a Nebraska County Court by Defendants Truell, Murray & Associates, Mr. Truell, Mr. Murray, and/or Ms. Reeves on behalf of Defendant GCC (ii) in an attempt to collect a debt incurred for personal, family, or household purposes (iii) in the form of Exhibit A which included The Notice stating "Unless the debtor disputes the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" (iv) during the four year period prior to the filing of the complaint in this matter.

34.   On information and belief based on Defendants' use of documents in the form of Exhibit A, the class is so numerous that joinder of all members is impractical.

35.   There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal question is whether Defendants' use of documents in the form of Exhibit A which included The Notice stating, "Unless the debtor disputes the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692g(a).

36.   Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

37.   Plaintiff will fairly and adequately represent the interests of the class

members. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

39. Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    (a) The questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members; and

    (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

41. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

VII. COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff repeats, realleges, and incorporates by reference the

foregoing paragraphs.

43. Defendants used false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §§ 1692e, e(2), and e(10).

44. Defendants' misstatement of a consumer's rights pursuant to 15 U.S.C. §§ 1692g(a) was a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §§ 1692e, e(2), e(10), and 1692g(a).

45. Defendants' failure to identify General Collection Co. as the creditor to whom the debt is currently owed violated of 15 U.S.C. §§ 1692e, e(10), and g(a).

WHEREFORE, Plaintiff Jody D. Jernigan requests that judgment be entered for herself and the class she seeks to represent against Defendants General Collection Co., Mark D. Stelk, Truell, Murray & Associates, James H. Truell, Glen A. Murray, and Jan L. Reeves for:

  A. Certification of this action to proceed as a class action;

  B. Damages to the Plaintiff and the class, pursuant to 15 U.S.C. § 1692k(a)(2)(B);

  C. Entry of a Declaratory Judgment finding that the practices challenged herein violate the FDCPA;

  D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

    1692k(a)(3); and

 E. Such other and further relief as the court deems just and equitable.

COUNT II - NEBRASKA CONSUMER PROTECTION ACT

46. Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

47. Defendant General Collection Co. is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

48. Defendant Mark D. Stelk is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

49. Defendant Truell, Murray & Associates is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

50. Defendant James H. Truell is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

51. Defendant Glen A. Murray is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb.

Rev. Stat. § 59-1601.

52. Defendant Jan L. Reeves is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

53. Use of documents in the form of <u>Exhibit A</u> in a lawsuit to collect the alleged debt constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602.

54. Including The Notice in <u>Exhibit A</u> which stated in part "Unless the debtor disputes the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid" served on a defendant in a lawsuit to collect the alleged debt constitutes unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602.

55. These violations cause financial injury to the Plaintiff and the Class and bringing this claim is in the public interest.

WHEREFORE, Plaintiff Jody D. Jernigan requests that judgment be entered for herself and the class she seeks to represent against Defendants General

Collection Co., Mark D. Stelk, Truell, Murray & Associates, James H. Truell, Glen A. Murray, and Jan L. Reeves for:

    A.    Certification of this action to proceed as a class action;

    B.    Damages for the Plaintiff and each class member, pursuant to Neb. Rev. Stat. § 59-1609;

    C.    Injunctive Relief;

    D.    Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 59-1609; and

    E.    Such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

## VIII. <u>JURY DEMAND</u>

Plaintiff Jody D. Jernigan hereby demands trial by jury of all claims so triable.

Dated this 13th day of June, 2013

        Jody D. Jernigan, on behalf of herself
        and all others similarly situated,
        Plaintiff,

By:   /s/ William L. Reinbrecht
     Pamela A. Car, #18770
     William L. Reinbrecht, #20138
     Car & Reinbrecht, P.C., LLO
     8720 Frederick Street, Suite 105
     Omaha, NE 68124
     1 (402) 391-8484
     1 (402) 391-1103 - Fax
     E-mail: billr205@gmail.com

     O. Randolph Bragg
     Horwitz, Horwitz & Associates
     25 East Washington Street, Suite 900
     Chicago, IL 60602
     1 (312) 372-8822
     1 (312) 372-1673 - Fax
     rand@horwitzlaw.com

     ATTORNEYS FOR THE PLAINTIFF AND
     THE PUTATIVE CLASS