IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JODY D. JERNIGAN, on behalf of herself and all others similarly situated, | ) ) ) ) | CASE NO. 8:13CV178 |
| Plaintiff, | ) ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| GENERAL COLLECTION CO.; MARK D. STELK; TRUELL, MURRAY & ASSOCIATES; JAMES H. TRUELL; GLEN A. MURRAY; and JAN L. REEVES, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss (Filing No. 17) submitted by Defendants General Collection Co. ("General Collection") and Mark D. Stelk ("Stelk"), and the Motion to Dismiss (Filing No. 20) submitted by Defendants Truell, Murray & Associates (the "Law Firm"), James H. Truell ("Truell"), Glen A. Murray ("Murray"), and Jan L. Reeves ("Reeves"). For the reasons discussed below, the Motions will be granted.

**FACTS**

For purposes of the pending Motions, the facts presented in the Complaint (Filing No. 1) are accepted as true, although the Court need not accept the Plaintiff's conclusions of law.

Plaintiff Jody D. Jernigan ("Jernigan") is a resident of Omaha, Nebraska. General Collection is a "debt collector" located in Grand Island, Nebraska, and is subject to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Nebraska Consumer Protection Act, § 59-1601 *et seq.* ("NCPA"). Stelk is the President of General Collection. The Law Firm, also located in Grand Island, and attorneys Truell, Murray, and

Reeves, are also engaged in the business of collecting debts and are "debt collectors" subject to the FDCPA and NCPA.

Jernigan obtained a line of credit with Citifinancial, Inc., which was used for personal, family, or household purposes, and she defaulted on the debt.  Citifinancial transferred Jernigan's account to General Collection, and General Collection and Stelk retained the services of the Law Firm, and Truell, Murray, and Reeves, to recover amounts owed by Jernigan.

On April 12, 2013, the Law Firm, and Truell, Murray, and Reeves, filed suit on behalf of General Collection and against Jernigan in the County Court of Douglas County, Nebraska, to collect the amounts owed.  The complaint filed in county court included an exhibit entitled "NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT." (Hereafter the "Notice.")  The Notice stated in pertinent part: "Unless the debtor disputes the debt within thirty (30) days after receipt of the notice, it will be assumed that the debt is valid."  On May 22, 2013, the county court complaint, including the Notice, were served on Jernigan.

Jernigan was confused by the Notice and thought the County Court of Douglas County would assume the debt was valid if she did not dispute it within thirty days.

Jernigan brought this action on June 13, 2013, on her own behalf and seeking to represent a class composed of similarly situated Nebraska residents sued by the Law Firm, Truell, Murray and/or Reeves, on behalf of General Collection.  She seeks class certification, damages for herself and each class member, injunctive relief, costs, attorney fees, and other unspecified equitable relief.

2

The Defendants have moved to dismiss Jernigan's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state claim on which relief can be granted.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions.'" *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'"

*Williams v. Hobbs,* 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### DISCUSSION

The FDCPA, in pertinent part, provides:

**(a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing–
. . .

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]
> . . .
>
> **(d) Legal pleadings**
>
> A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.

15 U.S.C. § 1692g.

Jernigan concedes that the county court complaint was not an "initial communication" for purposes of the FDCPA, and the Defendants were not required to provide the Notice. She argues, however, that because the Notice *was* attached to the pleading, it should have mirrored the language of the FDCPA and its failure to do so was a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e and § 1692e(10). Specifically, she contends that the Notice omitted the language "by the debt collector," contained in § 1692(g)(a)(3), leading her to believe that the debt would be assumed to be valid by the *county court* if she did not dispute the validity of the debt within thirty days.[1]

The Defendants argue that the language in the Notice was not false, deceptive, or misleading, even if Jernigan construed it in the manner she alleges. They note that Jernigan had thirty days to respond to the county court complaint or be subject to a default

---

[1] Jernigan's Complaint also suggests the Notice was in violation of 15 U.S.C. § 1692g(a) because it failed to disclose the current creditor. She does not argue that point in her brief in opposition to the Motions to Dismiss, however, and the Notice in fact cross-referenced the county court complaint in which the current creditor was identified. The Court finds Jernigan's contention that the Notice was deficient by virtue of failing to identify the current creditor without merit, and abandoned.

judgment and, therefore, nothing in the Notice was *materially* misleading. Jernigan contends that the thirty-day default period was a "coincidence" and the Defendants' argument is "nonsense." (Plaintiff's Brief, Filing No. 24, at 24.)

This Court finds, as a matter of law, that nothing in the Notice was "false" or "deceptive." Even if Jernigan was misled[2] by the Notice, as she contends, and believed that the *county court* would assume her debt was "valid" if she did not respond within thirty days, she was in no way misled *to her detriment,* and the Notice was not *materially* misleading.[3]

The FDCPA was "[e]nacted 'to eliminate abusive debt collection practices[.]'" *Hemmingsen v. Messerli & Kramer. P.A.*, 674 F.3d 814, 817 (8th Cir. 2012) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 576 (2010)). The FDCPA also has the "'apparent objective of preserving creditors' judicial remedies.'" *Id*. at 819 (quoting *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995)). "There is no need for follow-on § 1692e litigation that increases the cost of resolving bona fide debtor-creditor disputes." *Id*. at 820. This is such litigation.

With respect to Jernigan's NCPA claim, the Supreme Court has said, "a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may

---

[2] The Court assumes, for purposes of this analysis that the Notice is "viewed through the eyes of an unsophisticated consumer." *Peters v. Gen. Serv. Bureau*, 277 F.3d 1051, 1055 (8th Cir. 2002). "The unsophisticated consumer test is a practical one, and statements that are merely 'susceptible of an ingenious misreading' do not violate the FDCPA." *Id*. at 1056 (quoting *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000)).

[3] A statement is not misleading and, as a matter of law, does not violate § 1692e, if it "effectively conveys the consequences" of the debtor's inaction. *Peters*, 277 F.3d at 1056.

not) choose to exercise. See [28 U.S.C.] §§ 1367(a), ©. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). This Court will decline to exercise jurisdiction over Jernigan's NCPA claim, and will dismiss that claim, without prejudice.

Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 17) submitted by Defendants General Collection Co. and Mark D. Stelk is granted;

2. The Motion to Dismiss (Filing No. 20) submitted by Defendants Truell, Murray & Associates, James H. Truell, Glen A. Murray, and Jan L. Reeves is granted;

3. Count I of the Plaintiff's Complaint, alleging a violation of the federal Fair Debt Collection Practice Act, is dismissed, with prejudice;

4. Count II of the Plaintiff's Complaint, alleging a violation of the Nebraska Consumer Protection Act, is dismissed, without prejudice; and

5. A separate Judgment will be entered.

. .

DATED this 15th day of November, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge